```
              IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
                   DIVISION OF ST. THOMAS & ST. JOHN

HEIDI BINDER,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )    Civil No. 2005-137
                                   )
PATRICK McVEY, LISA McVEY, and     )
S/V SEAHORSE, Official No.         )
992295, Hull Identification        )
No. TYA371490678, her tackle,      )
engines, tender, sails and         )
equipments, and the M/V            )
MERMAID, her tackle, engines       )
and equipment,                     )
                                   )
          Defendants.              )
_____)
```

**ATTORNEYS:**

**A. Jeffrey Weiss, Esq.**
St. Thomas, U.S.V.I.
        *For the Plaintiff.*

**Gregory H. Hodges, Esq.**
St. Thomas, U.S.V.I.
        *For the Defendants.*

## MEMORANDUM OPINION AND ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of defendants Patrick McVey and Lisa McVey (together, the "McVeys") for an award of attorneys' fees.

Plaintiff Heidi Binder ("Binder") commenced this action in admiralty for damages after she sustained injuries during an accident involving a dinghy piloted by Patrick McVey off the coast of Jost Van Dyke, British Virgin Islands. The McVeys moved

*Binder v. McVey, et al.*
Civil No. 2005-137
Memorandum Opinion and Order
Page 2

to dismiss for lack of personal jurisdiction. The Court granted that motion.[1] The McVeys now seek $25,529 in attorneys' fees.[2]

The McVeys argue that they are entitled to an award of attorneys' fees because Binder commenced this action in bad faith. In support of that argument, the McVeys assert that on December 22, 2005, nearly four months after Binder commenced the above-captioned action, Binder filed an action against the McVeys based on the same claims in the United States District Court for the District of Arizona. The McVeys further assert that on December 23, 2005, Binder filed a similar action against the McVeys in the British Virgin Islands.[3] The McVeys contend that

---

[1]  (*See* Order, Nov. 9, 2007.)

[2]  Binder argues that an award of attorneys' fees is inappropriate. Binder asserts that the complaint in this action alleged jurisdiction pursuant to 28 U.S.C. § 1333, "thus clearly identifying this matter as an admiralty and maritime claim." (Pl.'s Opp'n to Defs.' Mot. for Attorney's Fees 2.) That assertion is only partially correct. The complaint in this action alleged jurisdiction pursuant to 28 U.S.C. § 1333 and 28 U.S.C. § 1332. Consequently, Binder also attempted to invoke this Court's diversity jurisdiction. Regardless of the basis of subject matter jurisdiction for this action, however, the substantive law to be applied is maritime law. *See Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 628 (1959); *see also Keefe v. Bahama Cruise Line, Inc.*, 867 F.2d 1318, 1320-21 (11th Cir. 1989); *American Union Transport Co. v. Aguadilla Terminal Inc.*, 302 F.2d 394, 396 (1st Cir. 1962); *Melnik v. Cunard Line Ltd.*, 875 F. Supp. 103, 106 (S.D.N.Y. 1994); *Carlson v. Palmer*, 472 F. Supp. 396 (D. Alaska 1979), *rev'd on other grounds*, 529 F.2d 552 (9th Cir. 1976).

[3]  Binder does not dispute that she filed these additional actions in Arizona and in the British Virgin Islands. (*See* Pl's Opp'n to Defs.' Mot. for Attorney's Fees 1.)

*Binder v. McVey, et al.*
Civil No. 2005-137
Memorandum Opinion and Order
Page 3

they filed their motion to dismiss in the above-captioned matter on December 5, 2005. The McVeys further point out that Binder subsequently sought and obtained several extensions of time within which to file an opposition. Binder never filed an opposition.

As a general matter, attorneys' fees are not available in admiralty cases unless the court determines in its equitable discretion that one party has acted in bad faith. *See F.D. Rich Co. v. United States ex rel. Industrial Lumber Co.*, 417 U.S. 116, 129 (1974); *Vaughan v. Atkinson*, 369 U.S. 527, 530-1 (1962); *New York Marine & Gen. Ins. Co. v. Tradeline (L.L.C.)*, 266 F.3d 112, 130 (2d Cir. 2001). Therefore, the Court may award attorneys' fees upon a showing that opposing counsel has commenced or conducted an action in bad faith, vexatiously, wantonly or for oppressive reasons. *See F.D. Rich Co.*, 417 U.S. at 129.

The Court, in the exercise of its discretionary powers, does not find that the equities in this case weigh in favor of an award of attorneys' fees. The Court questions why Binder filed three similar actions against the McVeys in three courts. Binder's several extensions of time, and failure to avail herself of those extensions, also give the Court pause.

Despite the Court's reservations about Binder's conduct in this action, however, "a finding of a failure to act without the utmost good faith is not tantamount to acting in bad faith and

*Binder v. McVey, et al.*
Civil No. 2005-137
Memorandum Opinion and Order
Page 4

the court declines to make such a finding." *See*, *e.g.*, *Certain Underwriters at Lloyds v. Inlet Fisheries, Inc.*, Civ. No. 04-00058, 2006 U.S. Dist. LEXIS 37921, at *14 n.31 (D. Alaska May 25, 2006). After consulting the record and construing all ambiguities, inferences, and disputes in the light most favorable to Binder, the Court does not find that Binder acted in bad faith or otherwise engaged in vexatious, wanton or oppressive conduct. *See*, *e.g.*, *N.Y. Marine & Gen. Ins. Co.*, 266 F.3d at 130 (affirming the district court's discretionary refusal to award attorneys' fees in an admiralty case where the Court did not find evidence of bad faith). Consequently, the Court declines to exercise its discretion to award attorneys' fees in this matter.[4] *See*, *e.g.*, *Am. Home Assur. Co. v. Masters' Ships Mgmt. S.A.*, 423 F. Supp. 2d 193, 228 (S.D.N.Y. 2006) (exercising discretionary powers to find that "[a]n award of attorneys' fees or costs is not appropriate in this case").

For the reasons stated above, it is hereby

---

[4] An award of attorneys' fees would be inappropriate even if this Court's diversity jurisdiction were invoked. Title 5, section 541 of the Virgin Islands Code sets forth those costs that are recoverable by the prevailing party in a civil action. That section also provides that "the award of attorney's fees in personal injury cases is prohibited unless the court finds that the complaint filed or the defense is frivolous." V.I. CODE ANN. tit. 5, § 541(b) (1986). The McVeys have not met their burden of showing that Binder's complaint was frivolous. *Cf. Berlin v. Patrick*, 855 F. Supp. 800, 801 (D.V.I. 1994) (denying an award of attorneys' fees where the "plaintiffs have not attempted to establish that any defense asserted by defendant was frivolous").

*Binder v. McVey, et al.*
Civil No. 2005-137
Memorandum Opinion and Order
Page 5

    **ORDERED** that the motion is **DENIED**.


**Dated: January 2, 2008**

                                          S\_____
                                             **CURTIS V. GÓMEZ**
                                               **Chief Judge**


copy:    A. Jeffrey Weiss, Esq.
             Gregory H. Hodges, Esq.